IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02386-MSK-KLM

ROBERT BURKITT,

    Plaintiff,

v.

JENNIFER POMEROY, and
CATHERINE BYREM, individually and as a Deputy Sheriff, Jefferson County, Colorado,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Byrem's **Motion to Stay All Proceedings and Discovery Pending Determination of Entitlement to Qualified Immunity and Governmental Immunity** [#50][1] (the "Motion"). Plaintiff filed a Response [#52] in opposition to the Motion, and Defendant Byrem filed a Reply [#54]. Defendant Byrem asks the Court to stay discovery in this case until after her pending Motion to Dismiss [#16] is resolved.[2] Thus, if granted, the Motion to Dismiss would dispose of all claims asserted against each Defendant Byrem.[3] In part, Defendant Byrem asserts a

---

[1] "[#50]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Motion to Dismiss [#16], filed on November 16, 2015, is referred to the undersigned for recommendation [#19].

[3] Similarly, if granted, the Motion to Dismiss [#17] filed by Defendant Jennifer Pomeroy would also dispose of all claims asserted against her. This Motion to Dismiss is also referred to the undersigned. *See* [#20].

defense of qualified immunity with respect to the constitutional claims against her.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2

(D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff states that he "has an interest in conducting discovery on issues which relate to qualified immunity and sovereign immunity, and denying him this opportunity would be prejudicial to his case." *Response* [#52] at 7. However, Plaintiff fails to specify what type of discovery is necessary before the Court can determine the issues of qualified immunity and sovereign immunity, and Plaintiff points to no specific prejudice he might incur as a result of a stay. However, despite these shortcomings, the Court gives Plaintiff the benefit of the doubt with respect to his interest in proceeding. Based on the considerations he expresses, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, Plaintiff asserts that the "convenience of the Court is served in allowing discovery to develop evidence on legal issues which will likely be raised

by the parties as the case proceeds." *Response* [#52[ at 7. This may be partially true. But if the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motions. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. *Response* [#52] at 7. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts that "it is clearly in the interests of the public to allow discovery of alleged abuse of power by law enforcement officers." *Response* [#52] at 7. The Court is not persuaded that stays in section 1983 cases are contrary to the public interest simply because they may delay appropriate discipline or procedural reform or deter future plaintiffs. The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be

conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motions to Dismiss [#16, #17] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#50] is **GRANTED**. All discovery is **stayed** pending resolution of Defendants' Motions to Dismiss [#16, #17].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 1, 2016, at 11:00 a.m. is **VACATED**. It shall be reset, if necessary, after resolution of the Motions to Dismiss [#16, #17].

DATED: February 22, 2016 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge